## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRAVIS PENCILLE,

      Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,

      Agency.

DOCKET NUMBER
CH-844E-21-0020-I-1

DATE: October 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Henson, Esquire, Decatur, Georgia, for the appellant.

Sherri McCall, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant resigned from his position as a Cook Supervisor with the Bureau of Prisons on June 18, 2019, after approximately 7 years of Federal service. Initial Appeal File (IAF), Tab 9 at 26, 74-75. The appellant's job duties included supervision and training of inmates assigned to food service tasks, maintaining security of the assigned work area, and oversight of the receipt, storage, and issuance of food service items. *Id.* at 26-27, 63-67. In his application for disability retirement benefits, dated April 12, 2020, the appellant described his conditions as adjustment disorder with mixed anxiety and depressed mood and post-traumatic stress disorder (PTSD). *Id.* at 24-27. He stated that he has been unable to perform his job duties since January 2018 due to his symptoms of "emotional numbing, an inability to focus, depressed mood, and irritability directly caused by [his] job." *Id.* at 26. OPM denied the appellant's application for disability retirement benefits on July 6, 2020. *Id.* at 12-17. The appellant requested reconsideration and submitted additional medical documentation, and

on September 15, 2020, OPM issued a reconsideration decision affirming its denial of benefits. *Id.* at 4-7.

The appellant timely filed a Board appeal. IAF, Tab 1. Though he initially requested a hearing, he later withdrew his request. IAF, Tab 10. Accordingly, the administrative judge issued an initial decision based on the written record. IAF, Tab 18, Initial Decision (ID). The initial decision affirmed OPM's denial of disability retirement benefits, finding that the appellant failed to meet his burden to show that he became disabled while in a position subject to FERS, resulting in deficient performance, conduct, or attendance, or that his medical conditions were incompatible with either useful and efficient service or retention in his position. ID at 10. The administrative judge further found that the appellant failed to establish that he had a medical condition that was expected to last 1 year or more following the application date for disability retirement benefits, and that accommodation of his condition would be unreasonable. ID at 10-12. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

To be eligible for disability retirement under FERS, an employee must show: (1) he completed at least 18 months of creditable civilian service, (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position, (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed, (4) accommodation of the disabling medical condition in the position must be unreasonable, and (5) he did not decline a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); *see Thorne v. Office of Personnel*

*Management*, 105 M.S.P.R. 171, ¶ 5 (2007). All elements must be met to demonstrate eligibility for disability retirement benefits. 5 C.F.R. § 844.103.

The Board has held that there are two ways to meet the statutory requirement that the individual "be unable, because of disease or injury, to render useful and efficient service in the employee's position"; namely, by showing that the medical condition (1) caused a deficiency in performance, attendance, or conduct or (2) is incompatible with useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the standard is the same under both the Civil Service Retirement System and FERS). Under the first method, an individual can establish entitlement by showing that the medical condition affects his ability to perform specific work requirements, prevented him from being regular in attendance, or caused him to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Id.*

A determination of disability is based on objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of the individual's condition on his ability to perform the duties of his position. *Id.*, ¶ 19. The ultimate question, based on all relevant evidence, is: do the individual's medical impairments preclude him from rendering useful and efficient service in his position? *Id.*, ¶ 20. This question must be answered in the affirmative if the totality of the evidence makes that conclusion more likely to be true than not true. *Id.*

It is undisputed that the appellant completed at least 18 months of creditable service. IAF, Tab 9 at 74-75. On review, the appellant asserts that the administrative judge erred in finding that he did not meet the remaining elements

to establish entitlement to disability retirement benefits. PFR File, Tab 1 at 8-10. As set forth below, we agree with the administrative judge's findings on these criteria.

We affirm the administrative judge's finding that the appellant failed to prove that, because of his medical condition, he was unable to render useful and efficient service in his position.

In support of his application for disability retirement benefits, the appellant submitted therapy records, two letters from his therapist, and a written narrative describing his conditions as adjustment disorder with mixed anxiety and depressed mood and PTSD. IAF, Tab 9 at 23-61. We agree with the administrative judge's finding that the record evidence is insufficient to support a finding that the appellant's conditions caused a deficiency in the appellant's conduct, performance, or attendance, or were incompatible with useful and efficient service in his position. ID at 11-12; *see Henderson*, 117 M.S.P.R. 313, ¶ 16.

The administrative judge considered both the objective medical evidence and the appellant's written narrative regarding how his condition impaired his ability to function in the workplace. *See Henderson*, 117 M.S.P.R. 313, ¶ 19 (describing the evidence that is relevant in determining whether an appellant is entitled to disability retirement); *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 421-22 (1981) (noting the ultimate determination of disability must be based upon the probative value of all evidence, including objective medical findings, diagnoses and expert medical opinion, and subjective evidence of pain and disability, together with all evidence relating to the effect of the employee's condition upon his ability to perform his job). She noted that the appellant's medical records did not contain clinical findings or references to progress notes or tests, and did not include medical letterhead or a signature block. ID at 7. The administrative judge further noted that examination notes did not reflect opinions, other than the appellant's, that his medical conditions were

incompatible with useful and efficient service or retention in the Cook Supervisor position. ID at 9. She found that, rather, the examination notes for the period reflected all positive marks for appearance, behavior, speech, affect, thought process, thought contact, insight, consciousness, and orientation. *Id.* The administrative judge further considered that the signed supervisor's statement that the appellant submitted as part of his disability retirement application did not document a service deficiency in the appellant's performance, conduct, or attendance during his employment with the Bureau of Prisons. ID at 5; IAF, Tab 9 at 28-29. She also found that the record evidence was insufficient to establish that the appellant was taking prescribed medication in an attempt to control his adjustment disorder, mixed anxiety, and depressed mood during the relevant time period. ID at 8-9. Finding the medical evidence to be ambiguous at best, she concluded that the appellant failed to establish that he became disabled due to a medical condition, resulting in deficient performance, conduct, or attendance, or that he had a medical condition that was incompatible with useful and efficient service or retention in his position. ID at 10.

While the appellant challenges the administrative judge's weighing of the evidence in his petition for review, he has not identified any factual or legal errors that would warrant a different outcome. PFR File, Tab 1 at 9. We agree with the administrative judge's finding that the appellant's medical records were not very persuasive because they were unsupported by medical evidence such as clinical findings and tests. ID at 7, 10; *see Tanious v. Office of Personnel Management*, 34 M.S.P.R. 107, 111 (1987).

Moreover, contrary to the appellant's assertions on review, neither the medical evidence nor the appellant's written submissions clearly establish how the appellant's medical condition affected his ability to perform his job. PFR File, Tab 1 at 5, 8. Rather, they state generally that the appellant experiences numbness, irritability, and an inability to focus in the workplace. IAF, Tab 9 at 26-27, 30-61. For example, the appellant's written narrative and his therapist's

February 4, 2020 statement assert that the appellant is "unable to concentrate on making sure all of [his] supervisee inmates are acting appropriately," however, neither the appellant nor his therapist explain under what conditions the appellant experiences an inability to concentrate, how often it happens, for how long he is unable to concentrate, or how his medical condition causes his inability to concentrate. *Id.* at 27, 33. The appellant and his therapist also state that, "[b]ecause of [his] adjustment disorder and PTSD," the appellant has "feelings of numbness that render [him] unable to properly carry out [his] duties." *Id.* We agree with the administrative judge's finding that, while stress and anxiety could lead to errors in judgment, the therapist did not provide a medical correlation to the appellant's job duties and the record evidence does not show a deficiency in performance, conduct, or attendance. ID at 11. We find that the administrative judge thoroughly reviewed and analyzed the record, including the appellant's subjective medical evidence, and we agree with her conclusion that the appellant did not establish that, due to his medical conditions, he had deficient performance, conduct, or attendance, or that his medical conditions were incompatible with either useful and efficient service or retention in his position. ID at 10; *see Johnson v. Office of Personnel Management*, 43 M.S.P.R. 392, 395-96 (1990), *appeal dismissed*, 918 F.2d 187 (Fed. Cir. 1990) (Table) (finding that the appellant failed to meet her burden to establish entitlement to disability retirement benefits when the appellant's supervisor stated her performance was satisfactory and the medical evidence was conclusory and failed to persuasively show why she could not perform her duties).

We affirm the administrative judge's finding that the appellant failed to prove that reasonable accommodation of his condition would have been unreasonable, and we find that the appellant's remaining assertions do not provide a basis for review.

It is undisputed that the appellant did not request a reasonable accommodation from the Bureau of Prisons. IAF, Tab 9 at 29, Tab 17 at 6. On review, the appellant notes that his therapist stated that no accommodations

would have been possible. PFR File, Tab 1 at 8. The administrative judge considered the therapist's assertion that accommodation was unreasonable, but found that the therapist's conclusions were entitled to low probative value for the reasons set forth above. *See infra* pp. 5-6; ID at 7-11. The appellant's therapist did not explain her basis for her conclusion that accommodation would have been unreasonable. For example, she did not state what, if any, accommodations were unsuccessful or why the appellant is impaired from performing any position in the Bureau of Prisons, including positions that do not require interaction with inmates. We also note that the therapist's conclusion is undermined by the appellant's assertion that he attempted to apply for other jobs "outside of this environment," but was not selected. IAF, Tab 17 at 6-7. The appellant could have, but did not, request reassignment as a reasonable accommodation. PFR File, Tab 1 at 6-7. We therefore affirm the administrative judge's finding that the appellant failed to prove that accommodation of his condition would have been unreasonable.

We need not consider the appellant's arguments on review regarding whether his disabling condition was expected to last 1 year or more because he has not met the other elements to prove entitlement to disability retirement benefits, as explained herein. We do not consider the appellant's arguments regarding alleged errors in OPM's reconsideration decision because the administrative judge considered the record de novo and made findings as to each of the elements, and therefore did not adopt OPM's findings. *See Cook v. Office of Personnel Management*, 31 M.S.P.R. 683, 686 (1986) (stating that, in adjudicating a disability retirement appeal, the Board must consider de novo all relevant evidence presented by both parties). To the extent the appellant argues that the administrative judge improperly considered the appellant's employment after his resignation from Federal service, we find that this evidence is not material to the issues on review, and even excluding it, the appellant has failed to

prove that he was disabled from his position as Cook Supervisor.  PFR File, Tab 1 at 8.  Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.